UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROMAN HALUSTIAN,

Petitioner,

v. Case No. 3:26-cv-1723-MMH-PDB

MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Petitioner Roman Halustian, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on July 3, 2026. See generally Petition. Halustian, a citizen of Ukraine, was paroled into the United States on April 29, 2023. Id. at 2, 4. He has a pending asylum application. Id. at 2. On April 6, 2026, United States Immigration and Customs Enforcement (ICE) detained Halustian following a traffic stop. Id. at 9. The crux of Halustian's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 9–10. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 11.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det.

Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Halustian, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Halustian was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Halustian's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Halustian an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Halustian, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

[1] Because the Court finds that Halustian is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record